**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV426-124 |
| | ) | |
| SAVANNAH STATE UNIVERSITY, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff, a former student at Savannah State University, filed this lawsuit alleging Defendants violated Title IX in failing to respond appropriately to Plaintiff's reporting of sexual assault and rape. *See generally* doc. 1. Plaintiff seeks to proceed anonymously. Doc. 28. She requests leave to litigate as "Jane Doe," that references to her name be restricted in public filings, and that any document containing her legal name be filed under seal or with appropriate redactions. *Id.* at 1. Defendants do not oppose these requests. Doc. 30 at 1.

"Lawsuits are public events, and the public has a presumptive right to know the identity of the litigants who use the courts to resolve their disputes." *Freedom From Religion Foundation, Inc. v. Emanuel County*

*School System*, 109 F. Supp. 3d 1353, 1356 (S.D. Ga. 2015) (internal cites and quotations omitted). By rule, "[t]he title of the complaint must name all the parties. . . ." Fed. R. Civ. P. 10(a). This requirement is more than just procedural, as "First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings." *Freedom From Religion Foundation*, 109 F. Supp. 3d at 1356 (citing *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981)). "Although this creates a strong presumption in favor of parties proceeding in their own names, the rule is not absolute." *Doe v. Neverson*, 820 F. App'x 984, 986 (11th Cir. 2020) (quoting *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011) (internal quotations and alterations omitted)). To proceed anonymously, a party must establish "a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.' " *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (quoting *Stegall*, 653 F.2d at 186).

To determine whether a party's privacy interest outweighs the public's interest in open court proceedings, the Eleventh Circuit has established a two-step test. *See In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020). As the "first step," the Court should

analyze three factors, first set forth in *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707 (5th Cir. 1979) (*SMU*): whether the party seeking anonymity (1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of the utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution. *In re Chiquita Brands Int'l*, 965 F.3d at 1247 (citing *Plaintiff B*, 631 F.3d at 1316).

After analyzing these factors, as the second step, the Court "should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *In re Chiquita Brands Int'l*, 965 F.3d at 1247 (internal quotations, cites, and emphasis omitted). The Eleventh Circuit noted in *Chiquita Brands* that, although a court must consider the *SMU* factors, "[i]n practice . . . whether a party's right to privacy overcomes the presumption of judicial openness is a totality-of-the-circumstances question." *Id.* at n. 5. In considering whether proceeding anonymously is appropriate, the Eleventh Circuit has considered "whether the plaintiffs were minors, whether they were

threatened with violence or physical harm by proceeding in their own names, and whether their anonymity posed a unique threat of fundamental unfairness to the defendant." *Plaintiff B*, 631 F.3d at 1316 (cites omitted).

In first considering the *SMU* factors, Plaintiff is challenging governmental activity, since her suit is against the Board of Regents of the University System of Georgia, "a constitutional body corporate that governs public universities in the State of Georgia," and her allegations challenge the actions of employees and officials of a public institution. Doc. 28 at 5; *see also generally* doc. 1. Additionally, Plaintiff's allegations of sexual assault involve "information of the 'utmost intimacy.'" *Doe v. School Bd. of Miami-Dade Cnty.*, 403 F. Supp. 3d 1241, 1247 n. 1 (S.D. Fla. 2019). Turning to the specific circumstances of this case, the Court finds that, given Defendants' non-opposition, *see* doc. 30, there is no threat of fundamental unfairness in permitting Plaintiff to proceed anonymously. Considering the totality of the circumstances, Plaintiff has demonstrated that her privacy interests outweigh the presumption of openness. *Plaintiff B*, 631 F.3d at 1316.

For the foregoing reasons, Plaintiff's Motion to Proceed Anonymously is **GRANTED**. Doc. 28. As requested, she may litigate as "Jane Doe," any references to her name shall be restricted in public filings, and any document containing her legal name shall be filed under seal or with appropriate redactions. *Id.* at 1.

In her Motion, Plaintiff "offers to disclose her identity to the Defendants subject to a protective order for discovery purposes." Doc. 28 at 7. Defendants request that any additional restrictions "be discussed and addressed by counsel and resolved through Rule 16/26 conferral process." Doc. 30 at 1. Defendants' position is reasonable. To be clear, the scope of this Order is that Plaintiff may proceed anonymously in public filings in this case. Relative to the discovery process between the parties, any party may move for a protective order, and the Court encourages the parties to work together to agree on a proposed plan to govern any confidentiality necessary during the discovery process in this case. See Fed. R. Civ. P. 26(c).

**SO ORDERED**, this 17th day of August, 2026.

Christopher L. Ray

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA